**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

   -vs-                                            CRIMINAL No. 09-906 LH

MANUEL CORDOVA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On August 26, 2010, the United States filed a "Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence" (Doc. 58).  In the Notice, the Government asks the Court to issue a pretrial ruling allowing the Government to present evidence of a drug transaction purportedly between Defendant and a confidential informant that occurred in February 2002.  On October 14, 2010, the United States filed a "Second Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence" (Doc. 63).  In the Second Notice, the Government requests that the Court issue a pretrial ruling on the admissibility of evidence of a controlled drug transaction that occurred on February 16, 2009, between a confidential informant and a man who lived at 3629 El Provenir Southwest, during which time Defendant allegedly drove up and exchanged an item for money with the man.

On November 17, 2010, Defendant Manuel Cordova filed a "Motion in Limine to Exclude Evidence Pursuant to United States' Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and

Request for Pretrial Ruling on the Government's Request to Admit Evidence (Doc. 58)" (Doc. 65), in which Defendant seeks to exclude evidence of the February 2002 controlled buy. Defendant also filed a "Motion in Limine to Exclude Evidence Pursuant to United States' Second Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence (Doc. 63)" (Doc. 66, filed November 17, 2010), in which Defendant asks the Court to exclude evidence of the February 16, 2009 events.

On November 24, 2010, the United States filed an Amended Notice (Doc. 68), clarifying the evidence it seeks to offer concerning the February 2002 controlled buy and adding its intention to offer evidence of a second controlled buy in April 2002 allegedly between Defendant and a confidential informant. In the Amended Notice, the United States asked for a pretrial ruling on the admissibility of both the February and April 2002 controlled drug buys. In response, Defendant filed an Amended Motion in Limine (Doc. 80), seeking to exclude the evidence of both the February and April 2002 controlled buys. In addition, on November 29, 2010, the United States filed an Amended Second Notice (Doc. 70), clarifying the evidence it seeks to offer concerning the February 16, 2009 controlled buy.

The Court, having considered the motions, briefs, arguments, relevant law, and otherwise being fully advised, concludes that Defendant's original "Motion in Limine to Exclude Evidence Pursuant to United States' Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence" (Doc. 65) should be denied as moot. Similarly, the United States' original Notice of Intent (Doc. 58) and original Second Notice of Intent (Doc. 63) should both be denied as moot.

The Court also concludes that Defendant's "Amended Motion in Limine to Exclude Evidence Pursuant to United States' Amended Notice of Intent to Offer Evidence Pursuant to Rule

404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence" (Doc. 80) should be granted, and thus, the evidence of the February 2002 and April 2002 controlled buys should be excluded. The United States' request in its Amended Notice (Doc. 68) for a pretrial ruling on the admissibility of the Rule 404(b) evidence regarding the 2002 controlled buys should therefore be denied. The Court concludes, however, that the United States' request in its Amended Second Notice (Doc. 70) for a pretrial ruling on the admissibility of Rule 404(b) evidence regarding the February 2009 controlled buy should be granted, and therefore, Defendant's Motion in Limine to Exclude Evidence Pursuant to United States' Second Notice (Doc. 66) should be denied.

I.    **FACTUAL BACKGROUND**[1]

    A.    **2009 Investigation**

On February 16, 2009, Bernalillo County Sheriff's Deputy Luis Funes met with a confidential informant. The informant told Deputy Funes that he or she knew a man named "Ash" who was selling heroin, that he or she had "scored" heroin from Ash, and that Ash lived at 3629 El Porvenir Southwest.

Deputy Funes subsequently met with the informant for the purpose of arranging a controlled purchase of heroin from Ash. Prior to the transaction, Deputy Funes searched the informant and found no contraband. Deputy Funes observed the informant approach the home at 3629 El Provenir and enter the residence.

While the informant was inside the residence, Deputy Funes saw a blue Dodge pick-up truck bearing license plate JRL085 arrive at the home. He saw a man leave the house and walk to the

---

[1]The following factual allegations are made by the Government in the Government's Rule 404(b) Notices. At this point, they are proffered facts, not evidence. Should the evidence at trial not support the proffered facts, the Court may revisit its rulings.

3

pick-up truck where the driver of the pick-up handed the man an item. The man who had exited the house took the item, placed it in his pocket, and in exchange, handed the driver of the truck some money. The man who had exited the house then walked back to the house and went inside. The driver of the pick-up truck drove away, but deputies followed him in an unmarked vehicle to a home at 1409 Corfield Southwest.

The informant left the house about five minutes later and went to a prearranged location where she or he met Deputy Funes. The informant had a quantity of heroin. The informant told Deputy Funes that he or she had purchased the heroin from Ash, that the man who had arrived in the pick-up truck was Ash's dealer, and that Ash had obtained the heroin from the driver of the pick-up truck.

On February 17, 2009, deputies executed a search warrant at the home at 3629 El Provenir Southwest. Deputy Funes, who was part of the team that executed the search warrant, spoke with Luis Arzavalla who was at the home. Deputy Funes asked Arzavalla who it was who drove the blue Dodge pick-up truck, and Mr. Arzavalla responded that Manuel drove the pick-up truck and that Manuel sold heroin to him and to his cousin Ash.

Deputy Funes later searched the motor vehicle records and discovered that the pick-up truck was registered to Manuel Cordova and that Mr. Cordova had a listed address on Corfield Southwest. Deputy Funes also searched law enforcement databases and discovered that Mr. Cordova had been charged previously with trafficking a controlled substance on May 5, 2002.

Deputy Funes drafted a search warrant application for the home at 1409 Corfield Southwest. State District Judge Denise Barela-Shepherd reviewed Deputy Funes's application for a search warrant and signed the warrant. On March 3, 2009, Deputy Funes and other deputies executed the warrant on the home at 1409 Corfield. Manuel Cordova was leaving the home on Corfield in the

blue Dodge pick-up truck when the deputies arrived. Deputy Funes stopped Mr. Cordova, asked him to exit the truck, patted him down, and found the heroin that gave rise to the indictment in Mr. Cordova's right front pocket.

On April 9, 2009, a federal grand jury returned a one-count indictment against Mr. Cordova, charging him with possessing with intent to distribute heroin on March 3, 2009, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

### B.     2002 Investigation

In February 2002, Bernalillo County Sheriff's Detective T.L Sherfy met with a confidential informant at a pre-arranged location to conduct a controlled buy of heroin from a suspected dealer. Prior to the controlled buy, Detective Sherfy searched the confidential informant and confirmed that the informant did not possess any narcotics. Detective Sherfy observed a Gray Geo, bearing New Mexico Plate 068-MGT, arrive at the pre-arranged location. She then observed the confidential informant approach the Gray Geo. Shortly thereafter, Detective Sherfy observed the Grey Geo depart, and the confidential informant returned and provided Detective Sherfy with a substance that appeared to be a quantity of heroin. Defective Sherfy field tested the substance, which yielded a positive result for heroin. Detective Sherfy observed the confidential informant continuously during the controlled buy.

Detective Sherfy subsequently conducted a registration check on the license plate number of the Gray Geo and learned that the vehicle was registered to Manuel Cordova. Detective Sherfy retrieved a photograph of Manuel Cordova from the New Mexico Motor Vehicle Department. Through further investigation, Detective Sherfy determined that Manuel Cordova also owned a 1992 blue Aerostar minivan, bearing New Mexico Plate 433-MNB.

In April 2002, Detective Sherfy again met with the confidential informant at a pre-arranged

location to conduct a second controlled buy of heroin. Detective Sherfy knew that the same phone number was used to arrange both controlled buys. Detective Sherfy once again searched the confidential informant prior to the controlled buy and confirmed that the confidential informant did not possess any narcotics. Detective Sherfy observed a blue Aerostar minivan arrive at the pre-arranged location. Detective Sherfy observed the confidential informant approach the blue Aerostar minivan. Shortly thereafter, Detective Sherfy observed the minivan depart and the confidential informant returned and provided Detective Sherfy with a substance that appeared to be a quantity of heroin. Defective Sherfy field tested the substance, which yielded a positive result for heroin. Detective Sherfy observed the confidential informant continuously during this second controlled buy.

On April 26, 2002, a New Mexico state judge authorized a warrant to search the Gray Geo, the Aerostar minivan, and the residence at 302 La Vega SW, Apartment C, one of the addresses listed for Manuel Cordova. (*See* Def.'s Mot. in Limine (Doc. 65), Ex. C (Search Warrant).) Law enforcement executed the warrant on May 3, 2002. (*See id.*) The State of New Mexico charged Manuel Cordova with trafficking a controlled substance. He subsequently filed a motion to suppress the evidence seized during the execution of the search warrant on grounds that the search warrant was deficient under state and federal law. (*See id.*, Ex. C.) State District Judge Frank Allen granted the motion to suppress and the State of New Mexico subsequently entered a Nolle Prosequi. *(See id.*, Ex. A.)

## II. ANALYSIS

### A. Evidence of February 16, 2009 Controlled Drug Buy is Admissible under Rule 404(b)

The United States in its Amended Second Notice (Doc. 70) requests a pretrial ruling on the

admissibility of Rule 404(b) evidence regarding the February 2009 controlled buy. The United States clarified in its Amended Second Notice that it does not intend to present any statements made by the confidential informant who executed the controlled buy or any statements of the persons who were arrested at the house at 3629 El Provenir. Instead, the United States intends to limit its evidence of the February 2009 controlled buy to the observations of Deputy Funes.

Specifically, the Government intends to present the following evidence: On February 16, 2009, Deputy Funes met with a confidential informant to arrange a purchase of heroin from a house at 3629 El Porvenir SW. Deputy Funes searched the informant and found no contraband. Deputy Funes observed the informant approach and enter the house on El Provenir. While the informant was inside the house, Deputy Funes observed a blue Dodge pick-up truck bearing license plate JRL085 arrive at the house. Although Deputy Funes did not know his identity at the time of the delivery, Deputy Funes observed Manuel Cordova in the pick-up. Deputy Funes observed a man leave the house, walk to the pick-up truck and exchange money for an object given to him by the man in the truck, *i.e.*, Manuel Cordova. Deputy Funes then saw the man who had exited the house go back inside the house. A short time later, Deputy Funes observed the confidential informant leave the house. The informant then met Deputy Funes at a pre-arranged location where the confidential informant had heroin, which was tested to be heroin using a NIK test kit. A surveillance team followed the pick-up truck to a residence at 1409 Corfield SW.[2] Deputy Funes ran a check on the license plate of the pick-up truck and found that it was registered to Manuel Cordova. Deputy Funes learned that a Manuel Cordova also lived on Corfield SW. Based on

---

[2]Deputy Funes's statement as to what the surveillance team observed may constitute hearsay if it is offered for the truth of the matter asserted and no member of the surveillance team testifies personally at trial. The Court will reserve ruling on the admissibility of this statement until trial.

7

Deputy Funes's observations and investigation, a state district judge authorized a search warrant for the home on Corfield SW.

Defendant in his Motion in Limine (Doc. 66) asserts that his Confrontation Clause rights will be violated without the availability of the confidential informant or Mr. Arzavalla to testify. Despite Defendant's contentions, the United States has proffered that Deputy Funes's own observations will identify Defendant as the driver of the truck on February 16, 2009, and that those observations are separate from any statements made by the informant and Mr. Arzavalla. Based on that proffer, the Court concludes that the Confrontation Clause is not implicated because the Government will only introduce evidence of Deputy Funes's personal observations and will not introduce any hearsay statements by the informant or Mr. Arzavalla. Of course, should the Government attempt to introduce any testimonial statements at trial, the Court is free to revisit this ruling.

Defendant also seeks to exclude the February 16, 2009 controlled buy evidence under Rule 404(b), arguing that the prejudice is unfair because the United States is attempting to use the purported evidence from February 16, 2009, to establish he was a heroin dealer on that day and that he acted in conformity therewith on March 3, 2009.

Evidence of other crimes may not be offered to prove bad character or conformity with prior bad acts, but evidence of other crimes may be offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Tenth Circuit has established four requirements for admission of evidence under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the evidence's probative value must not be substantially outweighed by its unfairly prejudicial effect; and (4) the trial court must give jury instructions on the proper purpose of the evidence if requested. *United States v. Fitzherbert*, 13 F.3d 340, 343 (10th Cir. 1993). To establish relevance, there "must

8

be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988) (quoting *United States v. Biswell*, 700 F.2d 1310, 1317-18 (10th Cir. 1983)). Furthermore, for the evidence to be properly admitted, it must be reasonably close in time to the crime charged. *Id.* In determining the time period that can separate offenses, the court applies a reasonableness standard, examining the facts and circumstances of each case. *Id.* at 1178. The Tenth Circuit has recognized that uncharged acts evidence may be probative of intent. *See United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989).

      The evidence proffered regarding the controlled drug purchase here is offered for the purpose of showing Defendant's intent to distribute the heroin. It is therefore offered for a proper purpose and meets the first requirement for admission. *See United States v. Cherry*, 433 F.3d 698, 701 (10th Cir. 2005) ("This Court has repeatedly held that evidence of past crimes is admissible to establish specific intent, including intent to distribute in a drug trafficking offense.") The evidence is also relevant because it tends to make the existence of a fact – Defendant's intent to distribute the heroin found on March 3, 2009 – more probable than it would be without the evidence. *See* Fed. R. Evid. 401; *Cherry*, 433 F.3d at 701-02 (holding that defendant's prior conviction for knowing distribution of crack cocaine was relevant to his intent to distribute with respect to charged offense where defendant admitted he possessed crack cocaine but denied that he intended to distribute it to others). The controlled heroin buy occurred only a couple weeks before the charged offense and indicates that Defendant also intended to distribute the heroin found on him on March 3, 2009. The proffered evidence is close enough in time to help establish a connection between the February 16, 2009 events and the charged crime. Moreover, the prejudicial effect of the evidence is minimal, as it is not likely to evoke an emotional response from the jury. Deputy Funes will be subject to cross-

examination in which Defendant can probe the relevance and significance of what he observed. The probative value of the evidence thus outweighs any unfair prejudicial effect. Finally, if requested, the Court can give a jury instruction on the proper purpose of the evidence.

Because the Government has shown that all four requirements for admission of Rule 404(b) evidence have been satisfied, the Court will allow the Government to introduce the proffered non-testimonial, non-hearsay evidence regarding the February 16, 2009 controlled drug buy. *Cf. Cherry*, 433 F.3d at 701-02 (holding that district court did not abuse its discretion in admitting evidence of defendant's prior drug conviction to prove his intent to distribute drugs); *Record*, 873 F.2d at 1375 (holding that trial court acted within its discretion under Rule 404(b) in admitting testimony regarding prior, uncharged marijuana importation where prior act was close in time and similar in method to charged narcotics scheme). The Court will therefore grant the United States's request in its Amended Second Notice (Doc. 70) for a pretrial ruling on the admissibility of Rule 404(b) evidence regarding the February 2009 controlled buy and will deny Defendant's motion in limine (Doc. 66) to exclude this evidence.

### B.     Evidence of February 2002 and April 2002 Controlled Drug Buys is Not Admissible under Rule 404(b)

The United States in its Amended Notice (Doc. 68) requests a pretrial ruling on the admissibility of Rule 404(b) evidence regarding the 2002 controlled buys. The United States clarified in its Amended Notice that it does not intend to present any statements made by the confidential informant who executed the controlled buys or to introduce any evidence concerning the search of Defendant's home in May 2002. Instead, the United States intends to limit its evidence of the February 2002 and April 2002 controlled buys to the observations of Detective T.L. Sherfy. The United States argues that the evidence of the February and April 2002 drug buys is relevant to

Defendant's intent to distribute the heroin in this case, as both the 2002 buys involved Defendant allegedly selling heroin from his vehicle. The Government asserts that the probative value of the evidence overcomes the seven-year time gap between the incidents and that the time separating the events is not unreasonable.

Defendant in his Amended Motion in Limine (Doc. 80) seeks to exclude evidence of the February 2002 and April 2002 controlled buys under Rule 404(b) on numerous grounds. Defendant argues that the prejudicial effect of the evidence substantially outweighs its probative value. Although the Government proffers it does not intend to offer any statements of the confidential informant into evidence, Defendant continues to argue that the admission of the evidence violates his Confrontation Clause rights.

As an initial matter, the Court finds that Defendant's Confrontation Clause rights will not be implicated by the proposed testimony because the Government intends to limit the evidence to Detective Sherfy's own observations, and she will be available for cross examination by Defendant. Nor does the Court find merit in Defendant's argument that the evidence of the February and April 2002 controlled buys must be excluded based on the collateral estoppel effect of State Judge Allen's order suppressing evidence discovered in the May 3, 2002 search of Defendant's residence. The Government does not intend to introduce any evidence discovered during the May 3, 2002 search, so Judge Allen's ruling does not apply to the evidence the Government seeks to admit in this case. Moreover, Judge Allen's order does not have preclusive effect in this case where the United States was not a party to the state court proceedings and the record shows no indication that the United States substantially participated or controlled the prior state court proceedings. *See*, *e.g.*, *Chavez v. Weber*, 497 F.3d 796, 804-05 (8th Cir. 2007) (holding that State was not bound by federal court's suppression of evidence where State did not actively participate in federal prosecution, because

United States was not a party or in privity with State); *United States v. Perchitti*, 955 F.2d 674, 676-77 (11th Cir. 1992) (holding that collateral estoppel doctrine did not apply to give preclusive effect to state court's order suppressing evidence because United States was not a party or in privity to prior action where state case had been dismissed prior to initiation of federal case and agents of United States had only minor involvement in state's investigation).

Turning to Defendant's Rule 404(b) argument, for the same reasons discussed above, the Court finds that the evidence of the 2002 controlled drug buys is offered for the proper purpose of showing intent to distribute the heroin and is relevant to the charged crimes. Like the charged crime, the 2002 crimes allegedly involved the distribution of heroin from Defendant's vehicle, showing a similarity in method to the charged scheme. The first and second requirements for admission are therefore met. Furthermore, the fourth requirement can be satisfied by the Court at trial giving proper limiting instructions to the jury.

The third prong of the test for admissibility, however, is not satisfied. Because of the seven-year time period between the 2002 controlled drug buys and the instant offense, the relevance is much more attenuated. The relevance is even more diminished if Detective Sherfy cannot state that she personally observed Defendant at the two sales, a fact that the Government is not yet willing to concede but acknowledges may be the case. Although the Tenth Circuit has upheld the admission of prior drug *convictions* with similar time gaps, this case involves acts for which no conviction was obtained. The Tenth Circuit has approved the admission of uncharged acts, but in admitting such evidence it has often highlighted that the prior acts are close in time to the charged offense. *Cf. Record*, 873 F.2d at 1375 (affirming admission of uncharged act of drug importation where prior act was close in time and similar in method to charged scheme). That is not the case here. The large time gap, the fact that the 2002 controlled drug buys did not result in a conviction, and the fact that

12

the Government has proffered no other similar acts evidence in between the 2002 acts and the charged crime to show an ongoing pattern of drug trafficking tips the Rule 404(b) balancing test in favor of excluding the evidence. *Cf. United States v. Becker*, 230 F.3d 1224, 1232-33 (10th Cir. 2000) (holding that district court abused its discretion in admitting evidence of 6-year old prior convictions and 4-year old prior raid because relevance of evidence was limited by substantial time gaps and where prior acts did not involve common scheme). The Court will therefore grant Defendant's motion to exclude evidence of the February and April 2002 controlled drug buys.

**IT IS THEREFORE ORDERED** that

1. Defendant Manuel Cordova's "Motion in Limine to Exclude Evidence Pursuant to United States' Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence" (**Doc. 65**) is **DENIED** as **MOOT**;

2. The United States' requests for pretrial rulings in its Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence (**Doc. 58**) and in its Second Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence (**Doc. 63**) are **DENIED** as **MOOT**;

3. Defendant's Motion in Limine to Exclude Evidence Pursuant to United States' Second Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence" (**Doc. 66**) is **DENIED**;

4. The United States's request in its "Amended Second Notice of Intent to Offer Evidnece Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence" (**Doc. 70**) for a pretrial ruling on the admissibility of Rule 404(b) evidence

13

regarding the February 2009 controlled buy is **GRANTED**;

5.     Defendant's Amended Motion in Limine to Exclude Evidence Pursuant to United States' Amended Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence (**Doc. 80**) is **GRANTED**; and

6.     The United States' request for a pretrial ruling on the admissibility of evidence as described in its Amended Notice of Intent to Offer Evidence Pursuant to Rule 404(b) and Request for Pretrial Ruling on the Government's Request to Admit Evidence (**Doc. 68**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE